**FREDERICK H. COHN**
ATTORNEY AT LAW
61 BROADWAY
SUITE 1601
NEW YORK, NY 10006
212-768-1110
FAX 212-267-3024
fcohn@frederickhcohn.com

February 20, 2008

**BY HAND DELIVERY AND ECF**
Honorable Jed S. Rakoff
Daniel Patrick Moynihan USC
500 Pearl Street
New York, NY 10007-1312

                        Re: United States v. Carlos Martinez
                        07 Cr. 706 (JSR)

Dear Judge Rakoff:

    On February 14, 2008 I was appointed in the above entitled case, per your order, as co-counsel to Uzmah Saghir, Esq, a privately retained attorney. It is my understanding, conveyed by your chambers, that she is unable to attend the sentencing presently scheduled for tomorrow, due to illness. She will attend tomorrow's sentencing telephonically.

    I received yesterday from the Government the PSI and the letter Ms. Saghir sent to you as a sentencing memo. I have interviewed Mr. Martinez. I believe I have an obligation to give you notice of an additional sentencing argument that was not presented to you. I do not believe it is so complex that the sentencing needs to be adjourned. I have discussed that issue with the Government. Without seeing the argument, although I did disclose its outline to the AUSA, the Government could not commit itself to the need for an adjournment. This letter is being sent to you as early as possible to allow the Government time to respond if it is deemed necessary.

    The suggested guideline range is 63 to 78 months. Probation has recommended 63 months. Although Ms. Saghir's letter makes reference to ***United States v. Booker***, 543 U.S. 220 (2005) (Sentencing memo page 2) she makes no argument in favor of your sentencing below the guideline range pursuant to 18 U.S.C. 3553(a). I respectfully suggest that the Court may and should sentence Mr. Martinez to the minimum sentence allowed by statute, 60 months.

    In addition to the salient personal facts set forth by the PSI and the sentencing memo, it appears that Mr. Martinez attempted to cooperate with the Government, attending two proffer

LAW OFFICES
FREDERICK H. COHN

Hon. Jed S. Rakoff
February 20, 2008
Page-2-

sessions with counsel. Ultimately it was decided that his cooperation would not be useful and he was not signed up to a cooperation agreement. It is my understanding that there was no question of his truthfulness but merely that he did not know enough to be of substantial assistance to the Government.

While the Court may not depart below the mandatory minimum without a motion from the Government pursuant the Sentencing Guidelines 5K1.1, the Court may consider the attempt to cooperate in imposing an authorized sentence under 18 U.S.C. 3553(a). ***United States v Fernandez***, 443 F.3d 19, 38 (2nd Cir. 2006). As the Circuit said:

> We agree that in formulating a reasonable judge must consider 'the history and characteristics of the defendant' within the meaning of 18 U.S.C. §3553(a)(1) as well as the other factors enumerated in § 3553(a), and should take under advisement any related arguments, <u>including the contention that a defendant made efforts to cooperate, even if it did not yield a Government motion for a downward departure</u>....
> (Underlining supplied)

It is respectfully suggested that, where an advisory guideline sentence is, if the court is disposed to grant the minimum of the range, only three months longer than an authorized sentence under § 3553(a) the lesser sentence is inherently reasonable.

Further militating for the lower sentence is the fact that as someone suffering mandatory removal to the Dominican Republic at the end of his sentence, Mr. Martinez will not be eligible for a halfway house and may, in fact, suffer a longer imprisonment than that imposed by the Court as he awaits deportation.

Again I apologize for the lateness of his letter. It was unavoidable. I have not had an opportunity to share this with Ms. Saghir in advance of delivery. Attempts to reach her are spotty and I did not want to delay a moment more.

Respectfully yours,

Frederick H. Cohn

cc: Steven Lee, AUSA (By Fax)
    Uzmah Saghir, Esq. (By Fax)